1
2
3
4
5
6
7
8
9

IN THE UNITED STATES DISTRICT COURT

10

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11
12

LATONYA R. FINLEY,                                No. C14-00908 CRB

13
                         Plaintiff,               **ORDER GRANTING MOTION TO**
14                                                **DISMISS WITH PREJUDICE**
        v.
15
     JUDGE THOMAS REARDON, et al.,
16
                         Defendants.
17
     _____/

18
19          Pro se Plaintiff Latonya R. Finley filed suit alleging constitutional and federal

20   statutory violations during her criminal case proceedings.  See generally Compl. (dkt. 1).

     Specifically, Plaintiff filed suit against the following individuals: Defendant District Attorney
21
     Colleen McMahon ("McMahon"); Judges Thomas Reardon, Thomas Rogers, Paul Delucchi,
22
     Gregory Syren, and Carrie M. Panetta, (collectively, "Judicial Defendants"); and the
23
     Alameda Police Department and Officers Craig Vreeland and Erik Klaus (collectively, "City
24
     Defendants") (all collectively, "Defendants").  See generally id.  Defendants now move to
25
     dismiss.  See generally McMahon Mot. (dkt. 23); Judicial Mot. (dkt. 24); City Mot. (dkt.
26
     27).[1]  Because Plaintiff fails to plead cognizable claims and amendment could not cure the
27
     deficiencies, the Court GRANTS Defendants' motions to dismiss with prejudice.
28

_____

[1]  Citations to Defendants' Motions to Dismiss are hereinafter cited as "Mots. to Dismiss."

**United States District Court**
For the Northern District of California

## I.      BACKGROUND

The Alameda Police Department arrested Plaintiff on October 16, 2012.  Compl. at 4.
Plaintiff alleges that this was a "warrantless arrest" without probable cause.  Id.  The
Alameda District Attorney's Office filed a complaint with the Alameda Superior Court on
October 18, 2012, charging Plaintiff with eight felony counts under sections of the California
Penal Code: one count of 532(a)(1) (False Financial Statements), one count of 368(e) (Theft
From Elder/Dependent Adult by Caretaker), and six counts of 530.5(a) (Identity Theft).  P
Opp'n[2] (dkt. 41) at 3; RJN[3] (dkt. 42) Ex. 1.  Plaintiff was previously convicted of violating
487(a) (Grand Theft of Personal Property).  RJN Ex. 1.  Plaintiff pled guilty to the count of
368(e) on June 17, 2014.  Reply MacKay Decl. (dkt. 46-1) Ex. J, Ex. K.

Plaintiff alleges that during her criminal proceedings, Defendants committed acts that
violated her constitutional and statutory rights, such as holding her for 454 plus days under
"threat and duress" without a preliminary hearing, a verified complaint, and complaining
witnesses.  See Compl. at 4; P Opp'n at 3-7.  The record though shows that a preliminary
hearing was held on March 13, 2014, before the now retired Honorable Judge Couzens.  Id.
The preliminary hearing was not held within the required sixty day period after Plaintiff's
arraignment (pursuant to the California Penal Code), because Plaintiff had waived the sixty
day requirement.  RJN Ex. 6 (Clerk Docket and Minutes for November 2, 2012, indicating
that time was waived for preliminary exam).  Further, at the preliminary hearing, Judge

---

[2]  Some of Plaintiff's allegations in her Opposition were not in the Complaint.  See Compl.; P Opp'n.  For purposes of construing the Complaint in a light most favorable to a pro se Plaintiff, the Court will consider these allegations as part of her original Complaint.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (holding that pro se documents are to be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers).

[3]  Plaintiff filed a Request to take Judicial Notice with her Opposition.  Although the general rule is that a district court may not consider "any material beyond the pleadings in ruling on a 12(b)(6) motion," the Ninth Circuit held that there are two exceptions.  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).  First, a court may consider material that is properly submitted as part of the complaint; if the materials are not physically attached to the complaint, a court may still consider them if their "authenticity . . . is not contested" and "the plaintiff's complaint necessarily relies" on them.  Id. Second, a court may take judicial notice of matters "of public record."  Id. at 689.  Here, Plaintiff meets both exceptions, as she submitted her Request with her Opposition, she relies on the materials, the materials' authenticity is not contested, and the materials are matters of public record.  See generally P Opp'n; RJN.  Accordingly, the Court considers these materials as part of Plaintiff's pleadings.

Couzens determined that there was probable cause and enough evidence to hold Plaintiff to answer. RJN Ex. 2 at 159 (Preliminary Examination Hearing Transcript). Plaintiff also had posted bail and was not in custody. See RJN Ex. 2 (Reporter's Transcript on January 18, 2013 Proceedings and April 10, 2014 Proceedings).

Plaintiff was dissatisfied with the delays of her criminal case and alleges that the delays were due to Defendants' actions, specifically that Defendant McMahon did not "turn over discovery in a timely manner" and was a "no show" during one hearing. P Opp'n at 5-6. However, the Clerk Docket and Minutes show that the delays were due to Plaintiff's conduct—hearings were continued because Plaintiff needed more time to raise funds for counsel, had difficulty obtaining counsel, and was not ready. RJN Ex. 6 (Clerk Docket and Minutes for June 21, 2013, July 26, 2013, September 13, 2013, and January 30, 2014).

Plaintiff also alleges that Judicial Defendants and Defendant McMahon engaged in "malicious prosecution" in order to deter Plaintiff from fighting her case. Compl. at 4; P Opp'n at 4-5. Plaintiff alleges that Defendant McMahon tried to "listen[] in" on Plaintiff's meeting with her attorney at the courthouse to "try to get information," causing Plaintiff to stop the meeting with her attorney. P Opp'n at 5. Plaintiff also brought a number of motions to dismiss her case based on lack of jurisdiction, constitutional violations, and insufficient evidence; to Plaintiff's dissatisfaction, Judicial Defendants dismissed the motions. See Compl. at 4; P Opp'n at 7; RJN Ex. 2, Ex. 6.

Plaintiff was a defendant in a civil restraining hearing related to her criminal case on January 4, 2013; Defendant Judge Reardon presided over this civil hearing. RJN Ex. 2 (January 4, 2013 Hearing Transcript). Plaintiff represented herself and made several statements related to her criminal case. Id. Plaintiff alleges that Defendant Judge Reardon's failure to recuse himself from her criminal case after presiding over the civil order violated her Fifth Amendment right. P Opp'n at 9.

Defendant McMahon filed an amended complaint against Plaintiff on April 10, 2014, and added one new misdemeanor and two new felony charges: a misdemeanor violation of California Penal Code section 594 (vandalism), a felony violation of Government Code of

United States District Court
For the Northern District of California

1   California section 6201 (falsification of official document by nonofficer), which also

2   triggered a violation of California Penal Code section 12022.1 (committing a new offense

3   while out on bail).  RJN Ex. 1; RJN Ex. 2 (Reporter's Transcript on April 10, 2014

4   Proceedings).  Defendant Judge Delucchi subsequently raised bail from $50,000 to $150,000

5   because Plaintiff was arrested for the new felony while out on bail, and set a separate bail of

6   $65,000 for the new charges.  RJN Ex. 2.  However, Plaintiff alleges that Defendants Judge

7   Delucchi and McMahon "ambushed" Plaintiff with these "bogus charge[s]."  P Opp'n at 6.

8   Plaintiff also alleges that she had to unfairly "repost bail of $150,000 for the charges she was

9   on bail for $50,000" and post $65,000 for the "bogus charges."  Id.

10          Plaintiff also broadly alleges that Defendants conspired to deprive her of her rights,

11   which she alleges is "fraud" and an "overthrow of a constitutional form of government."

12   Compl. 2-4, 6.  Plaintiff alleges that she witnessed Defendants "Judge Reardon and Judge

13   Delucchi and D.A. McMahon in chambers game planning" in order to deter Plaintiff from

14   fighting her case.  P Opp'n at 6.  Plaintiff also alleges that Defendants' actions are part of a

15   "RICO Act," where "police officers are targeting a certain class of citizens, [and] getting

16   their certain District Attorney and Judges to manufacture a conviction."  Compl. at 6.

17          Based on the facts mentioned above, Plaintiff brings the following claims:

18   •        Violations of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the U.S.
              Constitution

19   •        42 U.S.C.:[4]
              •        § 1981 - Equal Rights Under the Law

20            •        § 1983 - Civil Action for Deprivation of Rights
              •        § 1985(3) - Conspiracy to Interfere with Civil Rights

21   •        18 U.S.C.:
              •        § 115 - Influencing, Impeding, or Retaliating Against a Federal Official

22                     by Threatening or Injuring a Family Member
              •        § 241 - Conspiracy Against Rights

23            •        § 242 - Deprivation of Rights Under Color of Law
              •        § 1001 - Fraud and False Statements

24            •        § 1341-1346 - Mail Fraud & Other Fraud Offenses
              •        § 1505 - Obstruction of Proceedings

25            •        § 1918 - Disloyalty and Asserting the Right to Strike Against the
                       Government

26

27          [4]  Plaintiff's Complaint alleges a broad violation of Title 42 provisions.  See Compl. at 3.
     Plaintiff's Opposition appears to clarify that she is pursuing a claim under 42 U.S.C. § 1985(3); to

28   liberally construe her complaint, another likely provision under which she asserts a claim is 42 U.S.C.
     § 1981 and § 1983.  See P Opp'n at 8.

- • § 1961-1968 - Racketeer Influenced & Corrupt Organizations Act
- • § 2382-2383 - Treason
- • 10 U.S.C. § 333 - Interference with State & Federal Laws
- • 31 U.S.C. § 3729 - Money & Finance, False Claims
- • 28 U.S.C. § 1441 - Removal of Civil Actions[5]

Compl. at 2-3, 5; P Opp'n at 8, 13.  It appears that Plaintiff seeks both injunctive relief ("cease and desist") and a review of the state court proceedings.  Compl. at 1, 4.  Defendants now move to dismiss the complaint.  See Mots. to Dismiss.

## II.    LEGAL STANDARD

A Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in a complaint.  Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  While "detailed factual allegations" are not required, a complaint must include sufficient facts to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In addition, pro se filings are to be liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); see also Balisteri v. Pacifica Police Dept., 901 F.2d 296, 699 (9th Cir. 1990) (noting that "pro se pleadings are liberally construed, particularly where civil rights are involved").  But, a liberal interpretation "may not supply essential elements of the claim that were not initially pled."  Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992) (internal quotation marks and citations omitted).

Furthermore, a complaint should not be dismissed without leave to amend unless there is strong evidence that amendment will result in "undue delay, bad faith . . . repeated failure

---

[5] Plaintiff broadly alleges that Defendants violated Title 28 judicial procedures but does not specify which specific provision Defendants violated.  See Compl. at 3.  In construing the complaint in the light most favorable to the Plaintiff, the Court finds § 1441 is the most likely provision Plaintiff brings her claim under, as she makes repeated mentions of the state court's lack of jurisdiction.  See 28 U.S.C. § 1441; P Opp'n at 7, 10-11.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

to cure deficiencies by amendments previously allowed . . . [or] futility of amendment . . . ." Fed. R. Civ. P. 15; <u>Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.</u>, 708 F.3d 1109, 1117 (9th Cir. 2013). In determining the futility of amendment, the court should examine whether the complaint could be amended to cure the defect "without contradicting any of [the] original complaint." <u>Reddy v. Litton Indus.</u>, 912 F.2d 291, 296 (9th Cir. 1990).

## III. DISCUSSION

Defendants move to dismiss Plaintiff's claims based on a variety of arguments, including prosecutorial and judicial immunity, abstention doctrines, and failure to state cognizable claims. <u>See</u> Mots. to Dismiss. Plaintiff fails to state cognizable claims and, therefore, the Court need not reach Defendants' other arguments. The Court will first address claims that are procedurally improper and then claims that are pled deficiently. Based on the record, amendment could not cure the deficiencies and thus the Court GRANTS Defendants' Motions to Dismiss with prejudice.

### A. Plaintiff's Claims are Procedurally Improper

The first issue is whether Plaintiff can bring a claim under 18 U.S.C. and 10 U.S.C. As the Supreme Court articulated in <u>Alexander v. Sandoval</u>, "private rights of action to enforce federal law must be created by Congress." 532 U.S. 1511, 1519 (2001). It is a matter of interpretation for the courts to determine whether the relevant statute displays an "intent to create not just a private right but also a private remedy . . . [w]ithout it, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." <u>Id.</u> at 1520.

Title 18 U.S.C. is the criminal and penal code for the federal government and courts have held that its provisions do not provide private causes of action for individuals. <u>See</u> 18 U.S.C.; <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that 18 U.S.C. §§ 241-42 provide no basis for civil liability); <u>Jianjun Xie v. Oakland Unified School Dist.</u>, No. C 12-02950 CRB, 2012 WL 5869707, at *5-6 (N.D. Cal. Nov. 19, 2012) (holding that claims brought under criminal statutes 18 U.S.C. §§ 241-42 do not provide a private right of

action).  10 U.S.C. § 333 (Interference with State and Federal Law) outlines the legal roles of the armed forces and provides a cause of action only for the President of the United States. 10 U.S.C. § 333.  Accordingly, since Plaintiff cannot bring the claims under 18 U.S.C. and 10 U.S.C. and amendment could not cure this deficiency, the Court DISMISSES the 18 U.S.C. and 10 U.S.C. § 333 claims with prejudice.

### B.    Plaintiff's Remaining Claims Are Not Plausible

The issues surrounding Plaintiff's remaining claims are whether Plaintiff pleads sufficient facts to state plausible claims, and if amendment could cure deficiencies in her Complaint.  The Supreme Court articulated a two-pronged approach when analyzing whether a plaintiff states a plausible claim: (1) a court must first identify legal conclusions that are merely a "formulaic recitation of the elements of a cause of action," because these conclusions are not entitled to the assumption of truth; and (2) a court must determine whether there are factual allegations that plausibly suggest an entitlement to relief—that is, whether the allegations have "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 663, 678-80.  Additionally, if there is strong evidence that amendment would be futile, a court should dismiss the complaint without leave to amend.  Sonoma Cnty., 708 F.3d at 1117.

### 1.    Federal Constitutional Violations

Plaintiff alleges that Defendants violated the Fourth Amendment when City Defendants arrested her on "mere suspicion" and without a warrant or probable cause. Compl. at 4-5; P Opp'n at 2.  The issue is whether Plaintiff's factual allegations plausibly suggest an entitlement to relief.  The plausibility standard asks for "more than a sheer possibility that defendant has acted unlawfully . . . " and a Complaint that pleads facts that are "'merely consistent with' a defendant's liability" is insufficient to satisfy this standard. Iqbal, 556 U.S. at 678.  Plaintiff's factual allegations are of the latter type, as her allegations simply state "facts" that are consistent with a Fourth Amendment violation, which protects against arrests without probable cause.  See U.S. Const. amend. IV.  Her allegations do not

7

United States District Court
For the Northern District of California

1    present more than a sheer possibility that City Defendants acted unlawfully, because the

2    record directly contradicts her allegations—Judge Couzens held that there was probable

3    cause and enough evidence to hold Plaintiff to answer.  See RJN Ex. 2 (Preliminary

4    Examination Hearing Transcript).  Accordingly, Plaintiff's Fourth Amendment claim is not

5    plausible and amendment is futile to cure her deficiencies.

6         The next issue is whether Plaintiff states a cognizable Fifth Amendment claim and

7    whether amendment could cure any deficiencies.  A cognizable claim must plead more than

8    simply legal conclusions, which are not entitled to the assumption of truth.  Iqbal, 556 at 678.

9    There must be factual content that "allows the court to draw the reasonable inference that the

10   defendant is liable for the misconduct alleged."  Id. at 673, 679.  Here, Plaintiff alleges that

11   Defendant Judge Reardon violated the Fifth Amendment when he failed to recuse himself

12   from her criminal case after presiding over her civil hearing, and this caused her to become a

13   witness against herself.  P Opp'n at 9.  However, Plaintiff does not sufficiently plead how

14   Defendant Judge Reardon's action caused her to incriminate herself.  Based on the record,

15   Plaintiff chose to testify and was not compelled to do so.  See RJN Ex. 2 (Reporter's

16   Transcript of January 18, 2013 Proceedings).  Further, different judges presided over parts of

17   her criminal proceedings.  See RJN Ex. 6.  Therefore, there is simply no factual content in

18   the Complaint or the record that could lead to a reasonable inference that Defendants

19   compelled Plaintiff to incriminate herself, and amendment could not rectify this deficiency.

20        Plaintiff's Sixth Amendment claim presents a similar issue as her Fifth Amendment

21   claim—that is, whether Plaintiff states a cognizable claim or if she merely pleads legal

22   conclusions.  Plaintiff alleges that Defendants held her "against her will and under threat and

23   duress for approximately 454 days" without knowledge of what crime she was accused of,

24   violating her Sixth Amendment right to "a speedy and public trial, by an impartial jury of the

25   State . . . and to be informed of the nature and cause of the accusation."  U.S. Const. amend

26   VI; Compl. at 4-5.  Plaintiff alleges that Defendant McMahon's "failure to turn over

27   discovery" and failure to appear during hearings were factors in her delay.  See Compl at 4-5;

28

P Opp'n at 5-6.  Here, Plaintiff has not sufficiently alleged that she was denied her right to a speedy and public trial because her allegations are legal conclusions; she does not plead facts to how Defendants held her against her will and how Defendants subjected her to threat and duress.  Amendment could not cure these deficiencies because the record contradicts her allegations—the Preliminary Examination Transcript reveals that Plaintiff was informed of the nature and cause of her accusations and she questioned the complaining witness and City Defendant Officer Craig Vreeland.  See RJN Ex. 2.  Further, Plaintiff posted bail and was not in custody.  See id.  The Clerk Docket and Minutes for her criminal case show that the delays were due to Plaintiff's conduct and not Defendant McMahon's "failure to turn over discovery," as Plaintiff requested more "time to raise funds for [her] attorney," had difficulty retaining counsel, and was "not ready."  See RJN Ex. 6.  Therefore, Plaintiff fails to state a cognizable Sixth Amendment claim and amendment could not cure the deficiencies.

The last issue with Plaintiff's constitutional claims is whether Plaintiff states a cognizable Fourteenth Amendment claim, and if amendment could cure any deficiencies.  Plaintiff alleges that Judicial Defendants' refusal to hear and grant her many motions to dismiss her case, including motions to dismiss based on lack of jurisdiction, constitutional violations, and probable cause, violates her due process rights.  Compl. at 4, P Opp'n at 7.  However, like her previous constitutional claims, these are merely legal conclusions, because Plaintiff fails to establish how Judicial Defendants' denials violated her due process rights.  Compl. at 4.  Amendment could not cure the deficiencies because based on the record, Plaintiff's motions were improper and irrelevant.  See RJN Ex. 2.  Therefore, as with Plaintiff's other constitutional claims, Plaintiff fails to state sufficient facts as to why these actions were allegedly unlawful.  Amendment is futile, because the record contradicts her allegations.  As such, the Court DISMISSES Plaintiff's constitutional claims with prejudice.

## 2.      42 U.S.C. - Civil Rights Actions

The first issue with Plaintiff's 42 U.S.C. claims is whether Plaintiff states a cognizable claim under 42 U.S.C. § 1983.  Under 42 U.S.C. § 1983, "every person who, under color of

United States District Court
For the Northern District of California

1   any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the

2   deprivation of any rights, privileges, or immunities secured by the Constitution and laws,

3   shall be liable to the party injured."  A plaintiff must show two essential elements when

4   pleading a § 1983 claim: (1) the defendant acted under color of state law; and (2) the

5   defendant caused plaintiff to be deprived of a right secured by the Constitution or the laws of

6   the United States.  Howerton v. Gabica, 708 F.2d 380, 382 (9th Cir. 1983).  Here, Plaintiff

7   has not sufficiently alleged that Defendants caused Plaintiff to be deprived of a

8   Constitutional right.  Plaintiff alleges there was malicious prosecution and delays to deter her

9   from fighting her case, and an example of "malicious prosecution" is Defendant McMahon

10  trying to "listen[] in" on Plaintiff's meeting with her attorney.  Compl. At 4-5; P Opp'n at 5,

11  12.  However, even assuming that Defendant McMahon did "listen[] in" on Plaintiff's

12  meeting, Plaintiff's allegations do not demonstrate that Defendant McMahon's actions

13  deprived Plaintiff of any Constitutional right.  See Howerton, 702 F.2d at 382.  Plaintiff also

14  alleges that the charges should have been dismissed because the preliminary hearing was not

15  set within sixty days after arraignment.  See P Opp'n at 3.  But, as the record indicates,

16  Plaintiff waived the sixty day requirement.  RJN Ex. 6.  In addition, as discussed above, the

17  delays in Plaintiff's criminal proceedings were not because of Defendant McMahon, but

18  because of Plaintiff.  See RJN Ex. 6.  Plaintiff has failed to plead a cognizable 42 U.S.C. §

19  1983 claim, and amendment could not cure the deficiencies.

20          The next issue is whether Plaintiff pleads a cognizable claim under 42 U.S.C.

21  § 1985(3), which provides a cause of action against officials ("two or more persons") who

22  conspire for "the purposes of depriving . . . any person or class of persons of the equal

23  protection of the laws, or of equal privileges and immunities under the laws."  To pursue a

24  claim under 42 U.S.C. § 1985(3), "a mere allegation of conspiracy without factual specificity

25  is insufficient."  Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir.

26  1988).  Here, Plaintiff does not have factual specificity to support her alleged conspiracy

27  theory.  She alleges that she witnessed Defendants "game planning" to deter Plaintiff from

28

United States District Court
For the Northern District of California

1   fighting her case and that Defendants Judge Delucchi and McMahon conspired to

2   "ambush[]" Plaintiff with "bogus charge[s]" and unfairly raise bail.  P Opp'n at 6-7.

3   However, Plaintiff does not plead any facts to plausibly show that Defendants "game

4   plann[ed]" and conspired together for the purpose of depriving her of the equal protection of

5   the laws.  See id.  Based on the record, Defendant McMahon filed an amended complaint to

6   add new charges, but this is not sufficient for a claim under 42 U.S.C. § 1985(3), especially

7   where there is no reasonable inference that Defendant McMahon conspired with Defendant

8   Judge Delucchi.  See RJN Ex. 2 (April 10, 2014 Hearing Transcript).  Further, Defendant

9   Judge Delucchi did not, as Plaintiff alleges, raise bail from $50,000 to $150,000 to deter

10  Plaintiff from fighting her case—bail was raised because Plaintiff allegedly committed a new

11  felony while out on bail.  See id.; P Opp'n at 7.  Plaintiff has failed to demonstrate how

12  Defendants have done anything illegal or outside the scope of their official roles.  Because

13  the record contradicts Plaintiff's allegations, amendment is futile.

14      The last issue with Plaintiff's 42 U.S.C. claims is whether Plaintiff pleads a claim

15  under 42 U.S.C § 1981, which states that all persons shall have the "same right in every State

16  . . . to the full and equal benefit of all laws and proceedings for the security of persons and

17  property as is enjoyed by white citizens."  It appears Plaintiff is trying to allege that

18  Defendants targeted her because of her race, as Plaintiff broadly alleges that Defendants'

19  actions were characteristic of a "RICO Act," where "police officers target a certain class of

20  citizens," and the District Attorney and Judges "manufacture a conviction."  Compl. at 6.

21  However, Plaintiff does not plead any facts to lead to a reasonable inference that City

22  Defendants unfairly arrested her and that Judicial Defendants and Defendant McMahon

23  "manufactured" the convictions because of her race.  As discussed above, Judge Couzens

24  held that there was enough evidence to hold Plaintiff to answer.  See RJN Ex. 2 (Preliminary

25  Hearing Transcript).  Further, Plaintiff's guilty plea to the count of 368(e) undermines her

26  allegation that these convictions were "manufactured."  See Reply MacKay Decl. Ex. J, Ex.

27  K.  Therefore, Plaintiff's 42 U.S.C. claims are not plausible, and amendment could not

28

United States District Court
For the Northern District of California

1   provide any other factual allegations to support her legal conclusions.  Accordingly, the

2   Court DISMISSES Plaintiff's 42 U.S.C. claims with prejudice.

3            **3.      28 U.S.C. § 1441**

4            The issue with Plaintiff's 28 U.S.C. § 1441 claim is whether Plaintiff's pleadings

5   render the claim plausible.  Here, Plaintiff's allegations that there was a "lack of jurisdiction"

6   and that courts "have no right to decline the exercise of jurisdiction" are legal conclusions.

7   Plaintiff fails to plead any facts as to why the state court lacks jurisdiction.  See Iqbal, 557

8   U.S. at 678; P Opp'n at 10-11.  Further, the federal court does not have jurisdiction over

9   Plaintiff's state criminal case, so amendment is futile.  Thus, the Court DISMISSES

10  Plaintiff's 28 U.S.C. claim with prejudice.

11           **4.      31 U.S.C. § 3729**

12           The issue with Plaintiff's 31 U.S.C. § 3729 claim is whether Plaintiff's pleadings

13  render the claim plausible.  31 U.S.C. § 3729 provides a claim against any person who

14  knowingly presents a false or fraudulent claim to the U.S. Government or Armed forces.  The

15  section is limited to false claims for money or property.  31 U.S.C. § 3729.  As Plaintiff does

16  not plead any facts that are remotely related to Defendants presenting false claims related to

17  money or property, the claim is inapplicable to this case and the Court DISMISSES

18  Plaintiff's 31 U.S.C. claim with prejudice.

19       **IV.    CONCLUSION**

20           For the foregoing reasons, the Court GRANTS Defendants' Motions to Dismiss with

21  prejudice and vacates the case management conference set for August 22, 2014.

22           **IT IS SO ORDERED.**

23

24  Dated: July 16, 2014                              _____
25                                                    CHARLES  R. BREYER
                                                      UNITED STATES DISTRICT JUDGE
26

27

28                                        12